# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| WALTER D. SIMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 13-1210-CV-W-NKL-P |
| | ) |
| MICHAEL BOWERSOX, | ) |
| | ) |
| Respondent. | ) |

**<u>OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY</u>**

Petitioner, a convicted state prisoner currently confined at the South Central Correctional Center in Licking, Missouri, has filed <u>pro se</u> a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2008 convictions and sentences for first degree statutory rape and first degree child molestation, which were entered in the Circuit Court of Jasper County, Missouri. Petitioner filed a motion for post-conviction relief pursuant to Mo. Sup. Ct. R. 24.035, the denial of which was upheld on appeal. Petitioner's Exhibit 1. Petitioner raises three (3) grounds for relief. Respondent contends that Grounds One, Two, and Three are procedurally defaulted and, alternatively, are without merit.

## **FACTUAL BACKGROUND**

In affirming the motion court's denial of petitioner's 24.035 motion, the Missouri Court of Appeals, Southern District, set forth the following facts:

> Movant was charged by information with one count of statutory rape in the first degree, section 566.032, RSMo Cum.Supp. 2006, and one count of child molestation in the first degree, section 566.067, RSMo Cum.Supp. 2006. Movant was accused of having sexual intercourse with a female child who was ten years old and having sexual contact with a female child who was twelve years old.

Movant entered guilty pleas to both counts. At his plea hearing, Movant acknowledged that he understood the possible range of punishment for each count and the constitutional rights he waived in pleading guilty; specifically, Movant understood that if he chose to go to trial, counsel would "have the power and the ability . . . to challenge evidence put on by the State." Movant further testified he had ample opportunity to speak with his counsel, he told counsel everything he wanted her to know, that counsel had done everything he had asked her to do, and he was pleased with counsel's representation. Movant conceded that he was guilty of the counts against him.

Movant's petition to enter guilty pleas and the plea agreement were admitted into evidence at the plea hearing as Exhibits 1 and 2, respectively. However, neither is included in the record before this Court. The plea court summarized the plea agreement negotiated with the State as follows: "[Y]ou're entering your plea of guilty today, when you come back for sentencing the Court is free to sentence you to anything up to and including eighteen years on Count One, ten years on Count Two with those sentences all to run concurrent or at the same time; is that your understanding of the agreement?" Movant responded, "Yes, sir." The plea court found that Movant's pleas were "made voluntarily and intelligently and with full understanding of rights attending a jury trial and the affect of a plea of guilty of those rights." Finding that a factual basis existed for Movant's guilty pleas, the plea court accepted Movant's guilty pleas to both counts, ordered a sentencing assessment report, set a date for a sentencing hearing, and deferred "acceptance or rejection of the plea agreement."

At Movant's sentencing hearing, the court accepted the plea agreement, granted allocution, and sentenced Movant according to the plea agreement. The sentencing court further inquired as to whether Movant believed his attorney "had done a good job in representing" Movant, to which Movant responded affirmatively.

Movant timely filed a pro se motion for post-conviction relief. Counsel was appointed, and an amended motion was filed, which alleged, in part, "Movant was prejudiced by the ineffective assistance of Counsel in that no Motion to Suppress his confession was ever filed despite the fact that Movant requested to consult with an attorney while being interrogated by the police[.]" Movant further alleged that he requested counsel, but his request was denied.

An evidentiary hearing was held. Movant's testimony was received via deposition, and plea counsel also testified. Counsel testified that she talked with Movant "at length about entering a plea of guilty." She stated that Movant had admitted to her that he was guilty as charged and he struggled with what to do "to make it right with God." Counsel advised Movant that he could take his case to trial, and she talked to him about the possible sentences and the plea agreement offered to him. She advised Movant that it might be "in his best interest to enter [a] plea but ultimately that that decision was his and his alone." Counsel also

2

testified that she discussed all of the discovery received from the State and Movant's options, and they talked about filing motions to suppress. However, Movant advised her, "This is what I did. I'm having difficulty coming to grips with this[,]" and Movant decided he'd "rather plead guilty as opposed to litigate the case further." Counsel stated that she did not file a motion to suppress because Movant opted to enter a guilty plea. She further stated that had Movant decided to proceed to trial, she would have represented him, but she "had no idea that [pleading guilty] wasn't what he wanted to do."

Movant testified that initially he went to the police station only because he felt forced to go. Movant claimed that he requested counsel, but his request was denied. Thereafter, he was locked in an interrogation room, an officer read the complaint to him, and after he confessed, the officer drove him home. Movant claimed that when he told counsel about the circumstances, counsel told him there was nothing she could do because he confessed.

The motion court entered its judgment and issued findings of fact and conclusions of law denying Movant's request for relief. The motion court found that Movant admitted to counsel that he had committed the crimes with which he was charged, and it concluded that "counsel testified that she and the movant discussed all of the discovery they received from the State and discussed their options. Movant advised his attorney that he did not wish to further litigate the matter and instead wanted to enter a plea of guilty."

Respondent's Exhibit 1, pp. 180-183.

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc), cert. denied, 469 U.S. 842 (1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[1] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

---

[1] In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

3

## STATEMENT OF GROUNDS FOR RELIEF GENERALLY

Petitioner complicates the processing of this petition by failing clearly to set forth specific grounds for relief. Initially, petitioner refers to a previous federal petition he filed in this Court, Sims v. Denney, Case No. 11-0829-CV-W-SOW-P which was dismissed, without prejudice, so that he could exhaust his state court remedies. As he sets forth his three (3) grounds for relief in the current petition, petitioner tries to "incorporate" the previous grounds but also re-state them as new grounds for relief. Doc. No. 1, pp. 16-24.

Petitioner does not address whether he actually exhausted all of the previous grounds for relief in the state courts, and the following discussion of his current grounds for relief indicates that only one ground for relief was exhausted in the state courts – that trial counsel did not file a motion to suppress the statement he made to police in the absence of being read his Miranda rights[2], which rendered his guilty pleas unknowing, unintelligent, and involuntary because he would not have pleaded guilty and would have insisted on going to trial if he had been fully informed about the suppression issue and the possible defense it provided. See Respondent's Exhibit 1, Doc. No. 17-1, p. 151 (Petitioner's Rule 24.035 Appeal Brief).

## GROUNDS ONE AND THREE

In Ground One in the current petition, petitioner asserts that appointed counsel was "woefully inadequate in his preparations of pre hearing strategy and investigating all the evidence being used against his client. . [b]y the simple tactic of seeking the questions put before the victim(s) involved in this matter. By looking for the DNA results and by looking for the facts of the case [sic]." Doc. No. 1, p. 16. Petitioner contends that his guilty-plea counsel should have known petitioner made the plea under duress, should have inquired with petitioner about the tactics used by the detectives when they questioned him, and should have moved to

---

2 Miranda v. Arizona, 384 U.S. 436 (1966).

suppress the statements because he was never given his Miranda rights. Doc. No. 1, pp. 19-20. Petitioner also contends that "counsel refused to seek out and review the questions that were asked" of the victims, failed to amend petitioner's post-conviction relief motion, and should have conducted tests, such as a DNA test, to see if sexual intercourse actually happened. Doc. No. 1, pp. 20-1.

Similarly, in Ground Three, petitioner asserts that counsel refused to listen when he told them that his Miranda rights were violated during questioning. Doc. No. 1, p. 17. Petitioner also asserts that his Eighth Amendment rights were violated when he told the officers in the county jail that his safety was in jeopardy but they did nothing, thereby forcing him to plead guilty. Id. Respondent contends that Ground Three is part of Ground One in that petitioner alleges trial counsel was ineffective because he did not file a motion to suppress statements. Doc. No. 10, p. 6.

Petitioner procedurally defaulted most of his claims for relief by failing to assert the claims in his post-conviction motion or on appeal from the denial of his Rule 24.035 motion. See Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997) (recognizing that failure to present claims in the Missouri courts at any stage of direct appeal or post-conviction proceedings is a procedural default), cert. denied, 523 U.S. 1010 (1998). As a result, petitioner's Grounds One and Three are procedurally barred from federal habeas review except for the one claim that petitioner presented to both the state post-conviction motion court and the state appellate court pursuant to Mo. Sup. Ct. R. 24.035 – that his counsel was ineffective for failing to file a motion to suppress petitioner's statement made to police after he was not read his Miranda rights.

The Missouri Court of Appeals, Southern District, determined that counsel was not ineffective as follows:

> Plea counsel testified that she advised Movant the decision to enter a plea or go to trial was his alone. During their discussions regarding Movant's case, contrary to Movant's testimony, plea counsel did not tell Movant she could do nothing for him because he had confessed, but rather she talked to Movant about his options, which included filing a motion to suppress. Movant advised her that the State's allegations were true, that he was having trouble dealing with what he had done, and he did not want to litigate the matter further.
>
> According to plea counsel's testimony, Movant was aware that a motion to suppress could be filed before he entered his pleas of guilty. Movant told the plea court that he understood that if he went to trial he could challenge evidence put on by the State. When the plea court later asked if Movant was satisfied with the representation he received and whether counsel had done everything he had asked her to do, he answered affirmatively. This evidence refutes Movant's claim raised here.
>
> Furthermore, plea counsel testified that it was her strategy to refrain from filing a motion to suppress because Movant wanted to plead guilty. "The decision to file a motion to suppress is a matter of trial strategy and allegations of ineffective assistance of counsel relating to matters of trial strategy do not provide a basis for post-conviction relief." Maberry v. State, 137 S.W.3d 543, 547-48 (Mo. App. 2004). "Counsel is allowed wide latitude in conducting a defense and may use his best judgment in matters of trial strategy." Id.
>
> Movant's point is denied.

Respondent's Exhibit 1, p. 186.

In order to obtain relief in federal habeas corpus, petitioner "must show 'actual ineffectiveness' as defined in Strickland v. Washington, 466 U.S. 668, 687 (1984), and that he 'pleaded guilty as a direct consequence of his counsel's erroneous advice and . . . but for this advice, the outcome of the plea process would have been different.'" Nolan v. Armontrout, 973 F.2d 615, 617 (8th Cir. 1992) (citing Garmon v. Lockhart, 938 F.2d 120 (8th Cir.1991)). To show prejudice in such a case, petitioner must establish with "reasonable probability" that he would not have entered a guilty plea and would have insisted on going to trial had counsel been effective. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).

Petitioner's representations at the guilty plea hearing carry a strong degree of verity and

pose "a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73 (1977). "[A] determination of a factual issue made by a State court shall be presumed to be correct," and petitioner "shall have the burden of rebutting the presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The statutory presumption "is particularly proper [in cases involving the voluntariness of a guilty plea] in light of the state trial court's ability to judge the defendant's credibility and demeanor at the plea hearing and the fact that '[m]ore often than not a prisoner has everything to gain and nothing to lose from filing a collateral attack upon his guilty plea.'" Weeks v. Bowersox, 119 F.3d 1342, 1352 (8th Cir. 1997) (quoting Blackledge, 431 U.S. at 71).

"A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 131 S. Ct. 770, 787 (2011) (quoting Strickland, 466 U.S. at 689). Petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687.

In applying the standard articulated in Strickland, petitioner's trial counsel was not ineffective because petitioner has failed to demonstrate that counsel's failure to file a motion to suppress his statements was not a reasonable trial strategy. The Missouri Court of Appeals, Southern District, found that petitioner's trial counsel made a reasonable strategic decision not to file a motion to suppress because petitioner wanted to plead guilty, and such strategic decisions are virtually unchallengeable, especially under 28 U.S.C. § 2254. Strickland, 466 U.S. at 690-91; Knowles v. Mirzayance, 556 U.S. 111, 124 (2009).

Petitioner has failed to proffer clear and convincing evidence that his guilty plea was not voluntary, knowing, and intelligent. See Hunter v. Bowersox, 172 F.3d 1016, 1022 (8th Cir.

1999), cert. denied, 528 U.S. 1140 (2000). The Missouri Court of Appeals, Southern District, affirmed the motion court's finding that petitioner's testimony that counsel told him she could do nothing for him because he plead guilty was not credible and inconsistent with the record, which included testimony from petitioner's counsel that counsel discussed the motion to suppress and other options with petitioner when negotiating the case. Because the state court determinations were not based upon an "unreasonable determination of the facts in light of the evidence" or a misapplication of "clearly established Federal law," 28 U.S.C. § 2254(d)(1) and (2), Grounds One and Three will be denied as to petitioner's claims that counsel was ineffective for failing to file a motion to suppress petitioner's statements made after he was not read his Miranda rights.

**GROUND TWO AND INEFFECTIVE ASSISTANCE OF POST-CONVICTION COUNSEL AS CAUSE FOR STATE PROCEDURAL DEFAULT OF REMAINING CLAIMS IN GROUNDS ONE AND THREE**

In Ground Two, petitioner asserts a claim of ineffective assistance of post-conviction counsel in that counsel did not amend the Rule 24.035 motion to refer to the claims of the DNA test and the coerced guilty plea, thereby failing "to properly defend." Doc. No. 1, pp. 17, 21. Petitioner contends that he was being assaulted and felt his only outlet was to plead guilty. Id. Petitioner also contends that he was not properly represented by the Public Defender's Office due to the fact that they were not filing the claims that he wanted filed. Doc. No. 1, p. 22.

Respondent argues that this claim was procedurally defaulted because petitioner did not brief the claim on post-conviction appeal. Doc. No. 10, p. 6. Respondent further argues that the claim fails to state a basis for relief under § 2254(a), that a contrary determination would run a foul the non-retroactivity principle, and that such a contention is not cognizable under the court's limited jurisdiction. Id.

If petitioner intends to assert an independent claim of ineffective assistance of post-

conviction counsel, petitioner's claim is not cognizable in federal habeas. "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i); see also Christenson v. Ault, 598 F.3d 990, 995-96 (8th Cir. 2010) ("There is no federal constitutional right to the effective assistance of post-conviction counsel.") (citation omitted).

Moreover, if petitioner seeks to establish ineffective assistance of plea counsel as legally sufficient cause for the procedural default of his contentions in Grounds One and Three that he was under duress when he plead guilty and that counsel was ineffective for the various reasons he advances in this petition, including that counsel failed to conduct a DNA test and failed to assert all of his claims in his brief on post-conviction appeal, he has failed to do so.[3]

Respondent argues that the claim in Ground One regarding whether petitioner was under "duress" was found by the state post-conviction motion court to have taken place after the date of petitioner's guilty plea and is procedurally defaulted because petitioner did not present the claim on post-conviction appeal. Doc. No. 10, pp. 2-3. Additionally, respondent argues that petitioner's claim that counsel did not "seek out and review the questions that were asked of thes [sic] victims" was defaulted because petitioner failed to present it to the Rule 24.035 trial court or on post-conviction appeal. Doc. No. 10, p. 5. Respondent also states that petitioner's claim regarding counsel's failure to conduct a DNA test and other remaining claims of ineffective assistance of counsel were defaulted because they were not presented in petitioner's Rule 24.035 motion or on Rule 24.035 appeal. Id.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts

---

3 A federal court may not review a procedurally defaulted claim "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

before the federal courts will consider a claim." Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995), cert. denied, 516 U.S. 1056 (1996). "In order to present a habeas claim to the state court, a prisoner must 'fairly represent' not only the facts, but also the substance of his federal habeas corpus claim . . . . Presenting a claim that is merely similar to the federal habeas corpus claim is not sufficient to satisfy the fairly presented requirement." Barrett v. Acevedo, 169 F.3d 1155, 1161-62 (8th Cir. 1999) (citing Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996), cert. denied, 517 U.S. 1215 (1996)), cert. denied, 528 U.S. 846 (1999). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." Sloan, 54 F.3d at 1381.

Petitioner fails to establish that post-conviction counsels' failure to present the underlying ineffective assistance of plea counsel claims in petitioner's amended post-conviction motion or appeal from denial thereof rises to the level of ineffective assistance of counsel or that the underlying claims have merit, especially considering petitioner's representations at the plea hearing. Martinez v. Ryan, 132 S. Ct. 1309, 1318 (2012) (holding that petitioner must make a showing that post-conviction counsel was ineffective under the standard set forth in Strickland and must demonstrate that the underlying claim has merit); Strickland, 466 U.S. at 687-88. Consequently, petitioner fails to establish cause for the procedural default of his underlying ineffective assistance of plea counsel claim.

Furthermore, petitioner has failed to show that a fundamental miscarriage of justice will result if his defaulted claims are not considered. See Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006) (petitioner must present new evidence that affirmatively demonstrates that he is actually innocent of the crime for which he was convicted in order to fit within the fundamental miscarriage of justice exception), cert. denied, 549 U.S. 1036 (2006). As a result, Ground Two

either is not cognizable in federal habeas or is procedurally defaulted and will be denied, and petitioner has failed to demonstrate legally sufficient cause for or prejudice resulting from his state procedural default of the remaining claims asserted in Grounds One and Three.

## **CERTIFICATE OF APPEALABILITY**

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is denied; the issuance of a certificate of appealability is denied; and this case is dismissed with prejudice.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
UNITED STATES DISTRICT JUDGE

Jefferson City, Missouri,

Dated: June 10, 2014.